UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20221-CIV-HUCK/BANDSTRA

SAJINA SAJ JOSEPH,
individually and as Administratrix
of the Estate of Joseph Saj Job,
and SAJINA SAJ JOSEPH as mother
and natural guardian of T.J., a minor,
N.J., a minor, and T.J., a minor, and
SAJINA SAJ JOSEPH, individually,

      Plaintiff,
v.

CARNIVAL CORPORATION, a
foreign business entity d/b/a
Carnival Cruise Lines,

      Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

      This matter is before the Court on Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint, or, in the Alternative, for Judgment on the Pleadings with Incorporated Memorandum of Law ("Motion to Dismiss") (D.E. #25). A hearing was held on July 21, 2011. For the reasons stated below, Plaintiff's Second Amended Complaint (D.E. #24) is dismissed, without prejudice, for failure to state a claim upon which relief can be granted.

**I.    BACKGROUND FACTS**

      This is an action by Sajina Saj Joseph, as administratrix of the estate of Joseph Saj Job, and as mother and natural guardian of decedent's minor children, against Carnival Corporation ("Carnival") to recover damages for the death of her husband.[1] In February 2010, Joseph Saj Job

---

[1] Plaintiff brings this action under this Court's admiralty jurisdiction and the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30302. The DOHSA provides:

> When the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible. The action shall be for the exclusive benefit of the decedent's spouse, parent, child or dependent relative.

46 U.S.C. § 30302. Plaintiff also alleges diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

1

died while parasailing in Mexican territorial waters. His death occurred during a stopover in Cozumel in the course of a cruise on the M/V Carnival Imagination, a vessel owned and operated by Carnival.

In her Second Amended Complaint, Plaintiff sets forth two counts for wrongful death against Carnival.[2] Count I is premised upon Carnival's breach of its alleged duty, as a common carrier, to warn its passengers of the latent dangers associated with parasailing and the prior parasailing deaths in and around Cozumel that resulted from such latent dangers. According to Plaintiff, latent dangers arise when a parasailing vendor fails to take certain precautions, such as using properly selected, maintained, and inspected equipment; operating the parasail in proper sea and weather conditions; using proper boat handling techniques; ensuring that the parasail harness is not overloaded; and obeying the laws and guidelines applicable to the operation of a parasailing business. Plaintiff contends that such dangers are latent because, without proper instruction on what to look for, parasailing customers cannot detect the dangers associated with violations of the precautions listed above. Plaintiff claims that Carnival's failure to warn Joseph Saj Job of prior deaths associated with the latent dangers of parasailing and its failure to instruct him on how to recognize violations of parasailing precautions directly and proximately caused his death, which occurred because of the latent dangers associated with violations of parasailing precautions.

Count II of Plaintiff's Second Amended Complaint is also premised upon Carnival's breach of its alleged duty to warn Joseph Saj Job of the latent dangers of parasailing and the prior deaths associated with such latent dangers, as well as its duty to instruct the decedent on how to recognize certain violations. In Count II, however, Plaintiff contends that the duties owed by Carnival to the decedent arose because Carnival undertook to advise him of the availability of parasailing during the stopover in Cozumel.

In its Motion to Dismiss, Carnival contends that Plaintiff's claims must fail because she has not alleged a basis upon which recovery is warranted. Specifically, Carnival argues that Plaintiff's Second Amended Complaint should be dismissed in full because Carnival had no duty to warn Joseph Saj Job of the dangers associated with parasailing in Cozumel or to instruct him on how to

---

[2] Plaintiff filed her original Complaint in this action on January 20, 2011. Shortly after Carnival filed an initial motion to dismiss, Plaintiff filed an Amended Complaint on March 14, 2011. Carnival again moved to dismiss. In response, Plaintiff filed her Second Amended Complaint. Carnival did not object to Plaintiff's filing of a Second Amended Complaint.

detect such dangers.³ Carnival's arguments are meritorious. As alleged, Plaintiff has not sufficiently pled the existence of a cognizable duty owed by Carnival to the decedent. Without first establishing a duty, Plaintiff cannot prove the alleged breach of that duty and, in turn, cannot impose liability upon Carnival. Accordingly, Plaintiff's Second Amended Complaint should be dismissed.

## II. LEGAL ANALYSIS

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8)). While a complaint does not need to set forth detailed factual allegations, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, to survive Carnival's Motion to Dismiss, Plaintiff's Second Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Pleading facts that are "merely consistent with" Carnival's liability "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). For purposes of reviewing Carnival's Motion to Dismiss, all well-pleaded facts in Plaintiff's Second Amended Complaint and all reasonable inferences drawn from those facts are taken as true. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994).

Carnival contends that Plaintiff failed to sufficiently plead the existence of a duty owed by Carnival to the decedent. Carnival argues that, while Plaintiff generally alleges that Carnival knew parasailing in Cozumel could be dangerous because people previously died from the latent dangers associated with violations of parasailing precautions, Plaintiff's vague allegations are not sufficient to give rise to a duty to warn of such dangers or a duty to instruct the decedent on how to recognize and avoid such dangers.

It is true, as Plaintiff alleges, that "where a common carrier has a continuing obligation for the care of its passengers, its duty is to warn of dangers known to the carrier in places where the

---

³ Alternatively, Carnival requests that the Court grant judgment on the pleadings in its favor under Federal Rule of Civil Procedure 12(c). However, "Rule 12(c) does not come into play until '[a]fter the pleadings are closed.'" *Strategic Income Fund, L.L.C. v. Spear, Leeds, & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) The pleadings in this case are not closed because Carnival has not yet answered the Second Amended Complaint. *See id*. Accordingly, the Court will treat Carnival's Motion solely as a motion to dismiss and will not convert it into a motion for judgment on the pleadings. *See id.*

passenger is invited to, or may reasonably be expected to visit." *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So. 2d 248, 251 (Fla. 3d DCA 1985). It is also accepted that this duty "extends throughout the length of the voyage, and does not cease at each port of call, only to resume when the passenger re-embarks." *Id.*; *see also Isham v. Pac. Far E. Line, Inc.*, 476 F.2d 835, 837 (9th Cir. 1973) ("Where a passenger or cruise vessel puts into numerous ports in the course of a cruise, these stopovers are the sine qua non of the cruise."). A common carrier's duty to warn, however, is not without limits. The duty to warn "encompasses only dangers of which the carrier knows, or reasonably should have known." *Carlisle*, 475 So. 2d at 251. Additionally, it is "limited to dangers known to exist in the particular place where the passenger is invited to, or reasonably may be expected to visit." *Id.* A cruise ship owner or operator, such as Carnival, is not an insurer of its passengers' safety. *See Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 n.1 (S.D. Fla. 1986) ("The vessel is not, however, the insurer of the safety of the passengers. Merely because an accident occurs, a carrier does not become liable to a passenger.") (internal citation omitted); *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988) ("[A] shipowner is not an insurer of its passengers' safety.").

Permitting Plaintiff to proceed on her claims, as alleged in the Second Amended Complaint, would impermissibly expand Carnival's duties to its passengers and render it an insurer of its passengers' safety. Judge King recently granted a motion to dismiss for these very reasons in a case analogous to the present action. *See Koens v. Royal Caribbean Cruises, Ltd.*, --- F. Supp. 2d ----, Nos. 10-24371-CV, 10-24373-CV, 2011 WL 1197642, at *2–3 (S.D. Fla. Mar. 25, 2011). In *Koens*, passengers on the Navigator of the Seas brought an action against Royal Caribbean Cruises, Ltd., alleging various causes of action for damages after being robbed at gunpoint during a shore excursion in Nassau. In support of their claim of negligence, the passengers alleged that the defendant "knew or should have known of the high crime rate in Nassau, especially against tourists, and that cruise passengers were at risk of becoming victims." *Id.* at *2. Accordingly, the passengers alleged that the cruise line "had an obligation to take appropriate steps in light of the real and significant dangers on tours and excursions." *Id.* (internal quotation marks omitted).

Judge King held that the passengers failed to state a cause of action for negligence. While recognizing that *Carlisle* and its progeny stand for the proposition that "a cruise ship may be liable for failure to warn of known dangers in known settings," Judge King determined that "[p]ermitting Plaintiffs to proceed on their claim of negligence against Defendant solely because of a rising crime rate in Nassau would improperly expand a cruise line's duties to its customers." *Id.* at *3. Judge King found that there were no allegations that the cruise line knew or should have known of

dangerous conditions on the Caribbean Segway Tour, the excursion advertised by the cruise line, or on the grounds of Earth Village Nature Preserve, the location where the excursion, and subsequent robbery, took place. *Id.* The only allegations set forth by the passengers pertained to the cruise line's "actual knowledge of crimes against tourists in Nassau, as a group of passengers on a Defendant-sponsored Nassau excursion were robbed at gunpoint approximately one month prior to the subject incident." *Id.* Judge King concluded that such allegations were "insufficient to trigger a duty under *Carlisle*." *Id.*

Here, Plaintiff alleges that Carnival knew or should have known of prior deaths associated with the latent dangers of parasailing and that some of these deaths occurred in and around Cozumel. Plaintiff then contends that, because of this knowledge, Carnival had a duty to warn the decedent of the latent dangers of parasailing and a duty to instruct him on how to recognize such dangers. Plaintiff, however, does not allege that Carnival knew or had reason to known of any incidents associated with the latent dangers of parasailing involving the specific vendor engaged by Joseph Saj Job. In fact, Plaintiff does not even identify the specific parasail vendor in her Second Amended Complaint or allege that Carnival knew such vendor existed. Additionally, Plaintiff does not allege facts giving rise to any relationship between Carnival and the parasail vendor. While Plaintiff states that Carnival advised the decedent of the availability of parasailing in Cozumel, Plaintiff does not allege that Carnival advised the decedent of the parasail vendor that the decedent ultimately selected. Plaintiff does not allege that the fatal parasailing excursion was sponsored or endorsed by Carnival or that any agency relationship existed between Carnival and the parasail vendor chosen by the decedent. Furthermore, while Plaintiff alleges that there are numerous theoretical conditions which may make parasailing hazardous as a general proposition, and that Carnival had a duty to warn about all of them, Plaintiff does not allege that the decedent's accident was caused by any particular one of them.[4] Accordingly, as in *Koens*, Plaintiff has failed to allege facts sufficient to trigger a duty to warn under *Carlisle. See id.*

---

[4] As discussed at oral argument, to carry Plaintiff's proposition to its logical conclusion, a cruise line would have a duty to warn of every theoretical, potential problem or danger that may be associated with all of its passengers' possible shore-side activities. There would virtually be no limit to the cruise line's duty, and it would, in effect, become a passenger's insurer while the passenger is in port. A cruise line would have a duty to warn that one may be attacked by a shark while swimming in the ocean, may drown while snorkeling, may slip and fall in a local retail establishment, may get a stomach virus from eating in a local restaurant, and so on. The law does not impose such a duty, absent special circumstances not alleged here. *See Luby*, 633 F. Supp. at 41 n.1.

While Plaintiff surely does not need to plead her claims with specificity, she must set forth sufficient factual matter to state a claim for relief that is plausible, not just probable. *See Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). As pled, Plaintiff's Second Amended Complaint simply fails to meet this standard. General allegations regarding prior deaths due to the latent dangers of parasailing and the fact that some of these deaths occurred in Cozumel are simply insufficient, even when taken as true, to impose upon Carnival a duty to warn its passengers of such dangers. Accordingly, Plaintiff's Second Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted.[5]

As an additional ground for dismissal, Carnival argues that it had no duty to warn the decedent of the dangers posed by parasailing because Carnival's duty to warn of known dangers "extends only to those dangers which are not apparent and obvious to the passenger." *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) (quoting *Luby*, 633 F. Supp. at 41 n.1). Carnival contends that parasailing is an inherently dangerous activity and that the risks associated with parasailing—an activity in which a person is towed behind a boat and soars hundreds of feet above the water's surface while attached to a parasail—are open and obvious, thus precluding the imposition of a duty to warn. Resolution of this issue, however, is not appropriate on Carnival's Motion to Dismiss. The "'open and obvious' question requires a context specific inquiry and necessitates development of the factual record before the Court can decide whether, as a matter of law, the danger was open and obvious." *Prokopenko v. Royal Caribbean Cruises Ltd.*, No. 10-20068-CIV-HUCK, 2010 WL 1524546 at *3 (S.D. Fla. Apr. 15, 2010) (declining to decide the "open and obvious" issue on a motion to dismiss). Moreover, because Plaintiff has failed to sufficiently allege that Carnival knew or should have known of dangers that would give rise to a duty to warn in the first place, as discussed above, it is not necessary for the Court to address whether such dangers were, in turn, open and obvious at this time.

### III. CONCLUSION

For the reasons set forth above, Carnival's Motion to Dismiss is GRANTED and the Second Amended Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff is given one last

---

[5] Dismissal is warranted irrespective of whether the alleged duty to warn stems from Carnival's position as a common carrier (Count I) or from the fact that Carnival advised its passengers of the availability of parasailing (Count II). The limits of the duty to warn remain the same in either scenario. To expand Carnival's duty to warn beyond dangers of which it knew or should have known inappropriately renders Carnival an insurer of its passengers' safety.

opportunity to amend her Complaint. If Plaintiff intends to file a Third Amended Complaint, she shall do so by **Tuesday, August 2, 2011**.

   DONE AND ORDERED in Chambers, Miami, Florida, July 22, 2011.

                     Paul C. Huck
                     United States District Judge

<u>Copies furnished to</u>:
All counsel of record

7